**ARNOLD & PORTER KAYE SCHOLER LLP**
S. Zachary Fayne (CA Bar No. 307288)
(zachary.fayne@arnoldporter.com)
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: 415-471-3100
Fax: 415-471-3400

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice anticipated*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice anticipated*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, N.W.
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639

*Attorneys for Defendant MONSANTO COMPANY*

UNITED STATED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WALTER JUDSON, AN INDIVIDUAL; KAREN SEAMAN, AN INDIVIDUAL; MARTHA GONZALES SURVIVING NEXT OF KIN AND PERSONAL REPRESENTATIVE OF THE ESTATE OF DECEDENT VENTURA GONZALES; NINA TURPIE, AN INDIVIDUAL; JAMES ALEXANDER, JR., AN INDIVIDUAL; CHRIS ROY THE SURVIVING NEXT OF KIN AND PERSONAL REPRESENTATIVE OF THE ESTATE OF DECEDENT MARTHA ROY; BARBARA CAROL PRUETT, AN INDIVIDUAL; DENNIS BROWN, AN INDIVIDUAL; LUCY FRANCO, AN INDIVIDUAL; SHEILA VAN LEER, AN INDIVIDUAL; SUSAN TATE SURVIVING NEXT OF KIN AND PERSONAL REPRESENTATIVE OF THE ESTATE OF DECEDENT BRENT TATE; RONALD PIAZZA, AN INDIVIDUAL; STEPHEN WAHL, AN INDIVIDUAL; TIMOTHY HUGH KINDLE, AN INDIVIDUAL; VICTOR KOCH SURVIVING NEXT OF KIN AND PERSONAL REPRESENTATIVE OF THE ESTATE OF DECEDENT JANIS LUTZ KOCH; LARRY | Case No. 3:21-cv-05290 **DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL OF *JUDSON* LAWSUIT** |

EUGENE MOORE, AN INDIVIDUAL; RANDY
SIZELOVE, AN INDIVIDUAL; SUKHENDRA
SINGH, AN INDIVIDUAL; CHOTSANI HILT
SURVIVING NEXT OF KIN AND PERSONAL
REPRESENTATIVE OF THE ESTATE OF
DECEDENT HORACE HILT; THOMAS
JACKSON, AN INDIVIDUAL; CHRISTOPHER
HALL, AN INDIVIDUAL; NEAL FITZGERALD
SILLIMAN, AN INDIVIDUAL; PAUL SANSO,
AN INDIVIDUAL; JULIE MUNCRIEF, AN
INDIVIDUAL; DENVER M. STONER, AN
INDIVIDUAL; RANDY DECARL WILLIAMS,
AN INDIVIDUAL; DIANA CRANDALL, AN
INDIVIDUAL; DANIEL AHERN, AN
INDIVIDUAL; RONALD LOPEZ, AN
INDIVIDUAL; ADRIAN SABATINI, AN
INDIVIDUAL; ROBERT HENRY RATINOFF,
AN INDIVIDUAL; TAMRA MORRISON
SURVIVING NEXT OF KIN AND PERSONAL
REPRESENTATIVE OF THE ESTATE OF
DECEDENT MYRNA LOY BURG; HERMAN
ALFRED BEAUDRY, AN INDIVIDUAL;
LASHONDA COLEMAN SURVIVING NEXT
OF KIN AND PERSONAL REPRESENTATIVE
OF THE ESTATE OF DECEDENT GEORGE
COLEMAN, GERALD JAMRISKA, AN
INDIVIDUAL; TERRY RUTH SEALEY, AN
INDIVIDUAL; STEPHAN NICHOLSON, AN
INDIVIDUAL; PAULETTE COGSHELL, AN
INDIVIDUAL; PAUL DELANEY, AN
INDIVIDUAL; WILLIAM J. BRINEGAR, AN
INDIVIDUAL; MARLENE TALBOT
SURVIVING NEXT OF KIN AND PERSONAL
REPRESENTATIVE OF THE ESTATE OF
DECEDENT TANIA KAY TALBOT;
VICTORIA GALEASTREJO SURVIVING
NEXT OF KIN AND PERSONAL
REPRESENTATIVE OF THE ESTATE OF
DECEDENT EMMA VINCENTE-SALAZAR;
NORMAN BLACK, AN INDIVIDUAL;
STEPHEN MOSS, AN INDIVIDUAL; MARK
JON ROGERS, AN INDIVIDUAL; KATHLEEN
PRATT, AN INDIVIDUAL; PHAY TAC LAU,
AN INDIVIDUAL; RICHARD NOTARIANNI,
AN INDIVIDUAL; JAMES CRAWFORD, AN
INDIVIDUAL; RICHARD MAGEE, AN
INDIVIDUAL; DINA AKERS, AN
INDIVIDUAL; AMANDA THOMAS, AN

DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL (*JUDSON*)

INDIVIDUAL; PETER YANNACONE, AN
INDIVIDUAL; DUSTIN MURPHY, AN
INDIVIDUAL; DEAVIAN GRAUEL
SURVIVING NEXT OF KIN AND PERSONAL
REPRESENTATIVE OF THE ESTATE OF
DECEDENT MICHAEL GRAUEL; CRISTIAN
MIGUEL SANCHEZ, AN INDIVIDUAL;
CONSTANCE HARRIS, AN INDIVIDUAL;
SEAN ARNOLD, AN INDIVIDUAL; PATRICIA
NIESE, AN INDIVIDUAL; LEROY HUNTER,
AN INDIVIDUAL; JOSE F. MARTINEZ, AN
INDIVIDUAL; JEAN ANNETTE KULM, AN
INDIVIDUAL; THERESA TAFOYA, AN
INDIVIDUAL; ANNA HERRERA, AN
INDIVIDUAL; RONNIE BAKER, JR., AN
INDIVIDUAL; GILBERT RUBIO, AN
INDIVIDUAL; CHIKA HUNTER, AN
INDIVIDUAL; TIMOTHY BRIAN FELDHAUS,
AN INDIVIDUAL; LOTTA WIIK-LAMBERT
SURVIVING NEXT OF KIN AND PERSONAL
REPRESENTATIVE OF THE ESTATE OF
DECEDENT ROBERT LAMBERT; WILLIAM
GOLLIHER, AN INDIVIDUAL; BRIDGET
DOLKAS, AN INDIVIDUAL; ANTOINETTE
LEIALOHA ANDREWSEN, AN INDIVIDUAL;
MICHAEL ROKS, SR., AN INDIVIDUAL;
JOSEPH LEACH, AN INDIVIDUAL;
ANTHONY KENNETH HERRON, AN
INDIVIDUAL; LIGIA AVILA, AN
INDIVIDUAL,

Plaintiffs,

v.

MONSANTO COMPANY, a corporation;
WILBUR-ELLIS COMPANY, LLC, a limited
liability company; WILBUR-ELLIS
NUTRITION, LLC (formerly WILBUR-ELLIS
FEED, LLC); HOME DEPOT PRODUCT
AUTHORITY, LLC; LOWE'S COMPANIES,
INC.; WALMART INC.; ACE HARDWARE
CORPORATION; ORCHARD SUPPLY
HARDWARE; LUMBER CITY
CORPORATION; OUTDOOR SUPPLY INC.;
GRANGETTO'S FARM & GARDEN SUPPLY
COMPANY; ORANGE COUNTY FARM
SUPPLY, INC.; BROOKER ASSOCIATES;

- 3 -

1  DENAULT'S HARDWARE-HOME CENTERS
2  INC.; PLACERVILLE FRUIT GROWERS
   INCORPORATED; GUTIERREZ PENN
3  VALLEY ENTERPRISES, INC.; B.E.
   ENTERPRISES INC.; COSTCO WHOLESALE
4  CORPORATION; TARGET CORPORATION;
   MARKETPLACE HARDWARE, INC.; KMART
5  CORPORATION; DAN'S FEED & SEED, INC.;
   PIONEER HOME CENTER, INC., and DOES 1
6  through 100, *et al.*,

7      Defendants.
8

9

10      Pursuant to 28 U.S.C. §§ 1334, 1441, 1446, and 1452 (and any other applicable laws),

11  defendant Monsanto Company ("Monsanto") hereby gives notice of removal of the above-

12  captioned lawsuit, bearing Case Number CGC-21-591748, from the Superior Court of the State of

13  California for the County of San Francisco (the "State Court") to this Court.  Multidistrict

14  litigation proceedings involving numerous other Roundup® lawsuits are pending in this Court.  *See*

15  *In re Roundup Prods. Liab. Litig.*, Case No. 3:16-md-02741-VC.  Pursuant to 28 U.S.C. § 1446(a),

16  Monsanto provides the following statement of grounds for removal.

17                              **INTRODUCTION**

18      1.      In this lawsuit, the above-captioned plaintiffs (each, a "Plaintiff" and collectively,

19  the "Plaintiffs") sue for injuries allegedly caused by Monsanto's Roundup®-branded herbicides

20  ("Roundup"), which have glyphosate as their active ingredient.  For decades, farmers have used

21  Roundup (and other glyphosate-based herbicides) to increase crop yields, and home-owners,

22  landscaping companies, and local government agencies have used these herbicides for highly

23  effective weed control.  Glyphosate is one of the most thoroughly studied herbicides in the world,

24  and glyphosate-based herbicides have received regulatory approval in more than 160 countries.

25  Since 1974, when Monsanto first introduced Roundup to the marketplace, the United States

26  Environmental Protection Agency repeatedly has concluded that glyphosate does not cause cancer

27  – including as recently as January 2020.  Nevertheless, the Plaintiffs allege that they developed

28  cancer – specifically, non-Hodgkin's lymphoma – caused by exposure to Roundup.

1    2.    As discussed below, this Notice of Removal is proper based on 28 U.S.C. § 1452

2    because 28 U.S.C. § 1334(b) gives this Court subject matter jurisdiction over all civil proceedings

3    – like the lawsuit at issue in this Notice of Removal – arising in or related to cases under title 11 of

4    the United States Code (the "Bankruptcy Code").

5                            **BACKGROUND AND PROCEDURAL HISTORY**

6    3.    On May 21, 2021, the Plaintiffs filed a Complaint for Damages (the "Complaint")

7    in the State Court against Monsanto and other defendants, including Kmart Corporation ("Kmart")

8    and Orchard Supply Hardware.[1]  *See Judson, et al. v. Monsanto Company, et al.*, Case No. CGC-

9    21-591748 (the "State Court Action").  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of

10   the Summons and Complaint served upon Monsanto in the State Court Action (and other filings

11   available from the State Court's files, including answers filed recently in the State Court Action)

12   are attached hereto collectively as Exhibit 1.

13   A.    **The Plaintiffs**

14   4.    The Complaint seeks damages for personal injuries allegedly caused by Plaintiffs'

15   (or decedents') exposures to Roundup.  Among other things, the Complaint alleges:

16   
17   - "Upon information and belief, . . . Orchard Supply Hardware . . . [and] Kmart Corporation . . . were responsible for marketing and selling Roundup® to Plaintiffs during some of the time period in question."  Complaint ¶ 9.

18   
19   - "At all relevant time to this complaint, . . . Orchard Supply Hardware . . . [and] Kmart Corporation . . . sold Roundup® to Plaintiffs from their storefront in California, and this constituted some of the Roundup® to which Plaintiffs were exposed."  *Id.* ¶ 107.

20   
21   - "At all times relevant to this action, Orchard Supply Hardware sold Roundup® and/or other Monsanto glyphosate-containing products to these named Plaintiffs." *Id.* ¶ 112.

22   
23   - "At all times relevant to this action, Kmart was the entity that distributed the Roundup and/or other Monsanto glyphosate-containing products."  *Id.* ¶ 125.

24   
25   - " . . . Orchard Supply Hardware . . . [and] Kmart Corporation . . . were at relevant times involved in the marketing and sale of Roundup® and glyphosate-based formulations marketed and sold in California to Plaintiffs."  *Id.* ¶¶ 270, 290.

26   - "Plaintiff Martha Gonzales is and was at all relevant times a resident of California and is the surviving next of kin and Personal Representative of the Estate of Decedent

27
28   ---
[1] Although the caption of the Complaint states that the defendant is "Orchard Supply Hardware," the body of the Complaint states that "Orchard Supply Hardware" means "Orchard Supply Hardware Corporation."  *See* Complaint ¶ 112.

Ventura Gonzales, who was at all relevant times a resident of California. Plaintiff brings this claim on behalf of all statutory beneficiaries under applicable California statutes. Decedent was exposed to Roundup and/or other Monsanto glyphosate-containing products from approximately 1994 until 2011 then diagnosed with Non-Hodgkin lymphoma on or about 2008, and subsequently died on July 5, 2012. Decedent purchased Roundup and/or other Monsanto glyphosate-containing products from The Home Depot and Kmart stores located in the city of Selma, County of Fresno, California." *Id.* ¶ 19.

- "Plaintiff Susan Tate is and was at all relevant times a resident of California and is the surviving next of kin and Personal Representative of the Estate of Decedent Brent Tate, who was at all relevant times a resident of California. Plaintiff brings this claim on behalf of all statutory beneficiaries under applicable California statutes. Decedent was exposed to Roundup and/or other Monsanto glyphosate-containing products from approximately May 1983 until August 2004 then diagnosed with Non-Hodgkin lymphoma in or about February 2006, and subsequently died on November 7, 2006. Decedent purchased Roundup and/other Monsanto glyphosate-containing products from Ace Hardware and Kmart stores located in the city of Paradise, True Value located in the city of Magalia, Lowe's and Costco stores located in the city of Chico, all in Butte County, California." *Id.* ¶ 27.

- "Plaintiff Timothy Hugh Kindle is a resident of California. Plaintiff was exposed to Roundup and/or other Monsanto glyphosate-containing products from approximately October 1979 until December 2018, while a resident of California, and was diagnosed with Non-Hodgkin lymphoma on or around June 2020, while a resident of California. Plaintiff purchased Roundup and/other Monsanto glyphosate-containing products from Lowe's and Ace Hardware stores located in the city of Antioch; The Horne Depot, located in the city of Brentwood; and Orchard Supply Hardware stores located in the cities of Concord and Antioch, all in Contra Costa County, California." *Id.* ¶ 30.

- "Plaintiff Lashonda Coleman is and was at all relevant times a resident of Texas and is the surviving next of kin and Personal Representative of the Estate of Decedent George Coleman, who was at all relevant times a resident of California. Plaintiff brings this claim on behalf of all statutory beneficiaries under applicable California statutes. Decedent was exposed to Roundup and/or other Monsanto glyphosate-containing products from approximately 1976 until 2001 then diagnosed with Non-Hodgkin lymphoma, on or about June 2019, and subsequently died on April 26, 2020. Decedent purchased Roundup and/other Monsanto glyphosate-containing products from Kmart located in the city of Los Angeles, County of Los Angeles, California." *Id.* ¶ 50.

- "Plaintiff Paulette Cogshell is a resident of California. Plaintiff was exposed to Roundup and/or other Monsanto glyphosate-containing products from approximately Exposure [*sic*] 1980 to 2015, while a resident of California, and was diagnosed with Non-Hodgkin lymphoma on or around February 9, 2001, while a resident of California. Plaintiff purchased Roundup and/other Monsanto glyphosate-containing products from Walmart, located in the City of Duarte, Builders Emporium and Orchard Supply Hardware stores located in the City of Pasadena, all in the County of Los Angeles, California." *Id.* ¶ 54.

- "Plaintiff William J. Brinegar is a resident of California. Plaintiff was exposed to Roundup and/or other Monsanto glyphosate-containing products from approximately 1975 until June 2020, while a resident of California, and was diagnosed with Non-Hodgkin lymphoma on or around April 2006 and again, on or

around December 2018, while a resident of California. Plaintiff purchased Roundup and/or Monsanto glyphosate-containing products from Orchard Supply Hardware located in West Los Angeles, County of Los Angeles, California." *Id.* ¶ 56.[2]

**B.    Defendants Orchard Supply Hardware Corporation and Kmart Corporation**

**1. *Orchard Supply Hardware Corporation***

5.     On October 3, 2005, Orchard Supply Hardware Corporation ("Orchard") filed a certificate of conversion with the Delaware Secretary of State to convert from a corporation to a limited liability company. *See* October 3, 2005 Certificate of Conversion of Orchard Supply Hardware Corporation (attached as Exhibit 2). Before filing that certificate of conversion, Orchard was a Delaware corporation. *See id.* After that certificate of conversion was filed, the entity became a Delaware limited liability company called "Orchard Supply Hardware LLC." *See id.*; Certificate of Formation of Orchard Supply Hardware LLC (attached as Exhibit 3).

6.     On June 17, 2013 (the "Orchard Petition Date"), Orchard Supply Hardware Stores Corporation and certain of its affiliates (collectively, the "OSH Debtors") filed voluntary petitions for relief in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court") under chapter 11 of the Bankruptcy Code. *See OSH 1 Liquidating Corp., et al.*, Case No. 13-11565 (CSS) (Jointly Administered) (Bankr. D. Del.). Among others, the OSH Debtors included Orchard Supply Hardware LLC f/k/a Orchard Supply Hardware Corporation ("Orchard LLC").

7.     On September 16, 2013, Orchard LLC's name was changed to "OSH 2 Liquidating LLC." *See* September 16, 2013 Certificate of Amendment to Certificate of Formation of Orchard Supply Hardware LLC (attached as Exhibit 4); Order Confirming the Debtors' Modified First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code, Case No. 13-11565 (CSS) at 1 n.1 (Bankr. D. Del. Dec. 20. 2013) [ECF No. 836] (the "Orchard Confirmation Order") (attached as Exhibit 5).

8.     On December 20, 2013, the Delaware Bankruptcy Court entered the Orchard

---

[2] The period during which the Plaintiffs (or decedents) made purchases from Orchard Supply Hardware and/or Kmart referenced in paragraph 4 of this Notice of Removal prior to the applicable Petition Dates (as defined below) is referred to herein as the "Purchase Period."

Confirmation Order, which confirmed the OSH Debtors' *First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* (the "Orchard Plan"). *See* Orchard Confirmation Order at 17. The Orchard Plan is attached as Exhibit A to the Confirmation Order.

9. In accordance with the Orchard Plan and Delaware law, OSH 2 Liquidating LLC (formerly known as Orchard LLC, formerly known as Orchard Supply Hardware Corporation) was dissolved and, in December 2016, filed a "certificate of cancellation" with the Delaware Secretary of State. *See* December 20, 2016 Certificate of Cancellation of OSH 2 Liquidating LLC (attached as Exhibit 6); *see* Orchard Plan at 18.

10. During the OSH Debtors' bankruptcy cases and in connection with the Orchard Plan discussed above, all of the OSH Debtors' assets – including the assets of OSH 2 Liquidating LLC (formerly known as Orchard LLC, formerly known as Orchard Supply Hardware Corporation) – were sold, liquidated, abandoned, distributed to creditors, or transferred to the "GUC Trust" for distribution to general unsecured creditors. Likewise, all unsecured claims were channeled to the GUC Trust. *See* Orchard Plan at 15.

11. The Orchard Confirmation Order and Orchard Plan include a broad permanent injunction in favor of the OSH Debtors, including OSH 2 Liquidating LLC (formerly known as Orchard LLC, formerly known as Orchard Supply Hardware Corporation). Paragraph 21 of the Orchard Confirmation Order approves the injunction set forth in the Orchard Plan, as modified in the Orchard Confirmation Order. Paragraph 48 of the Orchard Confirmation Order sets forth the as-amended injunction provision:

> 48. Article IX.F.1 of the [Orchard] Plan shall be deleted in its entirety and replaced as follows: "Except with respect to those obligations otherwise provided for in the Plan, from and after the Effective Date, all Entities are permanently enjoined from commencing or continuing in any manner against the Debtors, the Estates, the Responsible Person, the Liquidation Trust, the Liquidation Trustee, the Creditors Committee, the GUC Trust, and the GUC Trustee, and their successors and assigns, and their assets and properties, as the case may be, any suit, action or other proceeding, on account of or respecting any Claim or Equity Interest, demand, liability, obligation, debt, right, Cause of Action, interest or remedy released or satisfied or to be released or satisfied pursuant to the Plan or the Confirmation Order."

Orchard Confirmation Order ¶ 48 (the "Orchard Injunction").

12. On February 24, 2014, the Orchard Plan went effective and the Orchard Injunction

- 8 -

went into effect.  See Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date under Debtors' Modified First Amended Plan of Liquidation under Chapter 11 of the Bankruptcy Code, (III) Deadline to File Requests for Payment of Administrative Claims, (IV) Deadline for Professionals to File Final Fee Applications Pursuant to Section 328, 330, and 503(B) of the Bankruptcy Code, and (V) Deadline to File Claims Arising from Rejection of Executory Contracts or Unexpired Leases, Case No. 13-11565 (CSS) (Bankr. D. Del. Feb. 24, 2014) [ECF No. 918].

13.    Under that broad permanent injunction ordered by the Delaware Bankruptcy Court pursuant to the Orchard Injunction, all "Entities" are enjoined from commencing any suit or action against the OSH Debtors, including OSH 2 Liquidating LLC (formerly known as Orchard LLC, formerly known as Orchard Supply Hardware Corporation). "Entity" is defined in the Plan by reference to 11 U.S.C. § 101(15), which defines "entity" to include "person." "Person" in turn is defined in 11 U.S.C. § 101(41), and it includes "individual."

14.    Thus, the Plaintiffs are people who are asserting a suit or action against Orchard that violates – and is squarely prohibited by – the Delaware Bankruptcy Court's broad permanent injunction, *i.e.*, the Orchard Injunction.

## 2. *Kmart Corporation*

15.    Beginning on October 14, 2018 and continuing thereafter (the "Sears Petition Date," together with the Orchard Petition Date, the "Petition Dates") Sears Holding Company and certain of its affiliates (collectively, the "Sears Debtors," together with the OSH Debtors, the "Debtors") filed voluntary petitions for relief in the United States Bankruptcy Court for the Southern  District of New York (the "New York Bankruptcy Court," together with the Delaware Bankruptcy Court, the "Bankruptcy Courts") under chapter 11 of title 11 of the Bankruptcy Code. *See In re Sears Holdings Corp., et al.*, Case No. 18-23538 (RDD) (Jointly Administered) (Bankr. S.D.N.Y.).  Among others, the Sears Debtors included Kmart.  *See In re Kmart Corporation*, Case No. 18-23549 (RDD) (Bankr. S.D.N.Y.).

16.    On October 15, 2019, the New York Bankruptcy Court entered Order Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holding Corporation and its Affiliated Debtors and (II) Granting Related Relief.  *See In re Sears Holdings Corp., et al.*, Case No. 18-

23538 (RDD) (Bankr. S.D.N.Y. Oct. 15, 2019) [ECF No. 5370] (attached as Exhibit 7) (the "Sears Confirmation Order," together with the Orchard Confirmation Order, the "Confirmation Orders"), which confirmed the Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors [ECF No. 5370-1] (which is attached as Exhibit A to the Sears Confirmation Order) (the "Sears Plan," together with the Orchard Plan, the "Plans"). Section 15.7 of the Sears Plan provides:

> Unless otherwise provided herein, the Confirmation Order, or in a Final Order of the Bankruptcy Court, all injunctions or stays arising under or entered during the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay.

Sears Plan § 15.7 (the "Sears Injunction," together with the Orchard Injunction, the "Injunctive Provisions"); *see* Sears Confirmation Order ¶ 1 ("The Plan and each of its provisions is approved and the Plan is confirmed pursuant to section 1129 of the Bankruptcy Code.").

17.     Pursuant to the stay of litigation ordered by the New York Bankruptcy Court pursuant to the Sears Injunction, the Plaintiffs are enjoined from proceeding with the Complaint against Kmart under section 105 and 362 of the Bankruptcy Code.[3] *See* 11 U.S.C. § 362(a)(1).

### BASES FOR REMOVAL – 28 U.S.C. § 1452(a)

**A.     Substantive Requirements for Removal are Satisfied.**

18.     In the Complaint, the Plaintiffs assert claims against, among other defendants, Orchard and Kmart in connection with Orchard's and Kmart's alleged sale of Roundup to the Plaintiffs (or decedents) during the Purchase Period.  However, the Injunctive Provisions expressly preclude and enjoin such actions.

19.      "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  28 U.S.C. §

---

[3] To be sure, upon the Sears Plan's effective date, the Plaintiffs will be permanently enjoined from, among other things, commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting Kmart.  *See* Sears Plan § 15.8(b).

DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL (*JUDSON*)

1452(a).  Pursuant to 28 U.S.C. § 1334, district courts have subject matter jurisdiction ("original . . . jurisdiction") over all civil proceedings that are, among other things, "***arising in*** or ***related to*** cases under title 11 [Bankruptcy]."  28 U.S.C. § 1334(b) (emphasis added).

### 1.  *This Court has "Related to" Jurisdiction over the Complaint.*

20.    Section 1334 post-confirmation "related to" jurisdiction – *i.e.*, jurisdiction related to bankruptcy cases after the plan has been confirmed (as occurred in the OSH Debtors' and Sears Debtors' bankruptcy cases at issue here) – requires a "close nexus" to the bankruptcy plan or proceeding and encompasses matters affecting "the interpretation, implementation, consummation, execution, or administration of the confirmed plan."  *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005) (internal quotation marks omitted); *In Re Valley Health Sys.*, 584 F. App'x 477, 478 (9th Cir. 2014) (same); *In re Wilshire Courtyard,* 729 F.3d 1279, 1289 (9th Cir. 2013) (same).

21.    Here, the Plaintiffs' claims asserted against Orchard and Kmart are in direct contravention of the respective Confirmation Orders and Plans – and affect the interpretation, implementation, consummation, execution, and/or administration of the Plans, including the Injunctive Provisions contained therein and in the Confirmation Orders.  Indeed, the interpretation and application of the scope of the Injunctive Provisions fall within the scope of the Bankruptcy Courts' jurisdictional powers to interpret and enforce their own orders.  *See Travelers Indemn. Co. v. Bailey,* 557 U.S. 137, 151 (2009) (holding that bankruptcy court had jurisdiction to interpret and enforce its own injunction order); *Valley Health Sys.*, 584 F. App'x at 478-80 (holding that removal was proper and that bankruptcy court had Section 1344(b) post-confirmation "related to" jurisdiction because resolving mandamus petition filed in state court would require "determin[ing] whether the confirmed bankruptcy plan discharged Appellees' claims" and "whether the bankruptcy court's confirmation order enjoins Appellees from continuing their mandamus action"); *Wilshire Courtyard*, 729 F.3d at 1289-90 (holding that bankruptcy court had jurisdiction to interpret and enforce its own injunction order; quoting and applying *Travelers Indemn. Co.*, 557 U.S. at 151).  Accordingly, this Court has original "related to" jurisdiction over the Complaint under 28 U.S.C. § 1334.

1

*2. This Court has "Arising in" Jurisdiction over the Complaint.*

2

22.     Section 1334 "arising in" jurisdiction acts as a residual category of civil

3

proceedings and includes such matters as enforcement of confirmation orders entered by a

4

bankruptcy court.  "Bankruptcy courts (and when it matters, district courts) have subject matter

5

jurisdiction to enforce their orders in bankruptcy cases and proceedings under the courts' 'arising

6

in' jurisdiction."  *In re Motors Liquidation Co.*, 514 B.R. 377, 381 (Bankr. S.D.N.Y. 2014); *see*

7

*Westbrook v. Parker (In re Parker)*, 581 B.R. 468 (Bankr. E.D.N.C. 2018) (holding that "arising

8

in" jurisdiction existed where plaintiffs allegedly were in violation of the debtors' confirmed

9

chapter 11 plan); *Emerald Cap. Advisors Corp. v. Karma Auto LLC (In re FAH Liq. Corp.)*, 567

10

B.R. 464, 469 (Bankr. D. Del. 2017) (same).

11

23.     Here, the Plaintiffs' claims in the State Court Action against Orchard and Kmart

12

are in direct contravention of, among other things, the Injunctive Provisions and affect the

13

interpretation, enforcement, and implementation of the Confirmation Orders.  Accordingly, this

14

Court has original "arising in" jurisdiction over the Complaint under 28 U.S.C. § 1334.

15

24.     In sum, the interpretation and application of the scope of the Confirmation Orders

16

and Injunctive Provisions fall within the scope of the Bankruptcy Courts' "arising in" ***and*** "related

17

to" jurisdictional power to interpret and enforce their own orders. *See Travelers Indemn. Co.*, 557

18

U.S. at 151 (holding that bankruptcy court had jurisdiction to interpret and enforce its own

19

injunction order).  Therefore, Plaintiffs' claims against Orchard and Kmart in the State Court

20

Action fall within the scope of Section 1334 and thus can be removed pursuant to Section 1452(a).

21

22

23

24

25

26

27

28

DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL (*JUDSON*)

1

**3.** ***Plaintiffs' Claims Against the Debtors are Impermissible Collateral Attacks on the Confirmation Orders.***

2

3      25.      Any challenges here by the Plaintiffs to the scope and effect of the Injunctive

4    Provisions and the Confirmation Orders are improper collateral attacks, violate principles of *res*

5    *judicata*, and should not be permitted. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 301-13

6    (1995) (rejecting respondent's attempts to collaterally attack bankruptcy court's injunction); *see*

7    *also Smith v. Charter Commc'ns, Inc.*, No. CV 09-03716 RGK (AGRx), 2010 WL 11519549, at

8    *4 (C.D. Cal. Apr. 29, 2010) (holding that "Plaintiff cannot . . . collaterally attack the Plan and the

9    bankruptcy court's confirmation order"), *aff'd sub nom. Smith v. Charter Commc'ns, Inc. (St.*

10   *Louis)*, 467 F. App'x 742 (9th Cir. 2012); *Trulis v. Barton*, 107 F.3d 685, 691 (9th Cir. 1995)

11   (when parties failed to challenge plan of reorganization on direct appeal, "res judicata principles

12   preclude collateral attack.").

13     26.      Furthermore, a collateral attack on a final bankruptcy court order is not permitted

14   even if the challenge is based on an argument that the provision exceeded a bankruptcy court's

15   jurisdiction. *See Travelers Indemn. Co.*, 557 U.S. at 152 ("Those [bankruptcy court] orders are

16   not any the less preclusive because the attack is on the Bankruptcy Court's conformity with its

17   subject-matter jurisdiction, for '[e]ven subject-matter jurisdiction . . . may not be attacked

18   collaterally.'") (citing *Kontrick v. Ryan*, 540 U.S. 443, 455 n.9 (2004); *see also In re Pardee*, 218

19   B.R. 916, 925 (9th Cir. B.A.P. 1998) (enforcing a confirmed chapter 13 plan despite the fact that it

20   contained a provision contrary to the Bankruptcy Code where a creditor failed to object, as "the

21   finality of confirmation orders is a bedrock principle of bankruptcy law in the Ninth Circuit"),

22   *aff'd*, 193 F.3d 1083 (9th Cir. 1999).  Thus, to the extent that the Plaintiffs intend to challenge any

23   aspect of the Injunctive Provisions – including the Bankruptcy Courts' jurisdiction to enter the

24   Injunctive Provisions – they are required to bring that challenge to the Bankruptcy Courts (*i.e.*, the

25   Plaintiffs could seek to reopen the OSH Debtors' and/or Sears' Debtors' bankruptcy cases and

26   seek relief from the Injunctive Provisions).  The Plaintiffs are not permitted to challenge the

27   Injunctive Provisions here in the context of removal.

28

**B.    Procedural Requirements for Removal are Satisfied.**

27.    Monsanto has the right to remove the State Court Action to this Court pursuant to Section 1452 without the consent of any other defendants named in the Complaint.  *See* 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."); *In re Mortgages Ltd.*, 427 B.R. 780, 788 (D. Ariz. 2010) (agreeing with many other courts and holding that Section 1452(a) does not require other defendants' consent to removal), *aff'd PDG Los Arcos, LLC v. Adams*, 436 F. App'x 739 (9th Cir. 2011); *see also Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir. 1985).  Thus, neither Orchard's, Kmart's, nor any other defendants' consent to removal is required for Monsanto to remove the State Court Action to this Court.

28.    The State Court is located with the Northern District of California.  Therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a) and Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure.

29.    On June 24, 2021, Monsanto received notice of process in the State Court Action. This Notice of Removal is timely because it is being filed within thirty (30) days of that date.  *See, e.g.*, 28 U.S.C. § 1446(b)(1); Bankruptcy Rule 9027(a)(3).

30.    The written notice required by 28 U.S.C. § 1446(d) and Bankruptcy Rule 9027(c) will be promptly filed in the State Court and will be promptly served on the Plaintiffs.

31.    Bankruptcy Rule 9027(a)(1) requires that this Notice of Removal "contain a statement that upon removal of the claim or cause of action, the party filing the notice does or does not consent to entry of final orders or judgment by the bankruptcy court."  Monsanto states that it does not consent to the entry of final orders or judgments by the Bankruptcy Courts if it is determined that the Bankruptcy Courts, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

32.    Monsanto does not waive any legal defenses and expressly reserves its right to raise any and all legal defenses in subsequent proceedings.

33.    If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

## CONCLUSION

For the foregoing reasons, Monsanto removes the State Court Action to this Court pursuant to 28 U.S.C. §§ 1334, 1441, 1446, and 1452 (and any other applicable laws).

DATED:  July 9, 2021

Respectfully submitted,

/s/ *S. Zachary Fayne*
S. Zachary Fayne (CA Bar No. 307288)
(zachary.fayne@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: 415-471-3100
Fax: 415-471-3400

Eric G. Lasker (*pro hac vice anticipated*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice anticipated*)
(mcalhoun@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639

Attorneys for Defendant MONSANTO COMPANY

DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL (*JUDSON*)